### TREMOULET vs. CENAS' HEIRS.

APPEAL from the court of probates of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff claims from the heirs of a late sheriff, a sum of money which came to that officer's hands on an execution which the present plaintiff had put into his hands. The pleas were prescription and payment.

There was judgment for the plaintiff, and the defendant appealed.

The case is perfectly similar to that of Delasize against the present defendants, determined in this court at June term, 1826, *vol. 4,* 508.

To support the plea of prescription, the old civil code, 481, art. 78, is relied on. By this article, the arrears of all sums of money, payable by the year, or *at shorter periods,* are

A sheriff, who has received money on an execution, cannot invoke the prescription of five years. The delay of a demand during seven years, and the circumstance of the plaintiff having, since the debt accrued, made a cession of his goods, without including the debt in the schedule, are not evidence of payment.

Eastern Dist. prescribed by the lapse of five years.  The
*March*, 1828.
counsel urges that as the sheriff was bound to

TREMOULET   pay the money claimed *immediately*,  the mo-
*vs.*
CENAS'   ney was payable at a shorter period than one
HEIRS.
one year; *ergo*, the  prescription attaches.    It
is clear that this article of the code applies on-
ly to sums  payable by annual,  semi annual,
quarterly, monthly, or  daily rates;  otherwise,
it would apply to every debt at maturity.

The plea of payment is based on a presump-
tion arising from two circumstances—the first
is, that the money was  received by the sheriff
in 1809, and no claim appears  to have been
made till 1826; the second is, that in the mean-
while, the plaintiff offered a  cession  of his
goods, and in the schedule annexed  to the pe-
tition, no mention is made of  the present claim.

To this it is urged that a plaintiff is not warn-
ed by the plea of payment, of the necessity of
establishing  a demand anterior to the petition,
and that the plaintiff was ignorant of his right
against the present defendants,  believing  that
their ancestors  were discharged  by the pay-
ment made under an *ex-parte* order,  and did
not discover his error till after the decision of
this court in Delasize's case.

We are of opinion that both pleas were cor-
rectly determined in favor of the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.

Eastern Dist.
*March*, 1828.

TREMOULET
*vs.*
CENAS'
HEIRS.

*DeArmas* for the plaintiff, *Christy* for the defendant.